United States District Court
Southern District of Texas
**ENTERED**
July 12, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRIOT LOGISTICS, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:20-cv-03565 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| TRAVELERS PROPERTY | § | |
| & CASUALTY COMPANY | § | |
| OF AMERICA | § | |
| Defendant. | § | |
| | § | |

OPINION AND ORDER
GRANTING SUMMARY JUDGMENT IN PART

The motion for summary judgment by Defendant Travelers Property & Casualty Company of America is granted in part and denied in part. Dkt 13.

1.   Background

This is an insurance dispute between Plaintiff Patriot Logistics and its insurer, Defendant Travelers Property & Casualty Company of America. Travelers issued a commercial inland marine policy to Patriot Logistics covering the 2017 calendar year. See Dkt 13-1 at 5–6 (policy).

Patriot Logistics operates a cargo handling, trucking, and freight hauling business. Another company named Wheels Clipper hired Patriot Logistics to move a shipment of alcohol from Illinois to Houston. Patriot Logistics had an agreement for storage space at a drop yard in Houston, along with security and a gate agent. And so, a trailer containing the Wheels Clipper shipment was parked at the drop yard around midnight on December 8, 2017. Dkt 1-3 at 5. Patriot Logistics asserts that the trailer and its contents were then stolen from the drop yard in the early

morning hours of December 9th. It alleges that security camera footage proves that the trailer and its contents were in fact stolen from that location, and that the trailer was secured, sealed, and had been parked at the yard less than twenty-four hours when the theft occurred. Id.

Patriot Logistics filed a claim with Travelers for loss of cargo under its policy. Travelers denied that claim on January 25, 2018. Patriot Logistics began negotiations with Travelers and Wheels Clipper and attempted unsuccessfully to settle the claim. Dkt 1-3 at 5–6. Wheels Clipper filed a lawsuit against Patriot Logistics on April 17, 2020. See Dkt 14-2 at 4–8. Patriot Logistics retained counsel when Travelers refused to defend and/or indemnify it in that action. It was ultimately successful in settling with Wheels Clipper for the full amount of its claim. Dkt 1-3 at 6.

Patriot Logistics then brought action against Travelers in state court on September 18, 2020. It asserts claims for breach of contract, breach of the duty of good faith and fair dealing, and violations of Chapters 541 and 542 of the Texas Insurance Code. Id at 9–11. Travelers removed here on assertion of diversity jurisdiction. Dkt 1. It now moves for summary judgment after the close of discovery. Dkt 13.

2.   Legal standard

Rule 56(a) of the Federal Rules of Civil Procedure requires a court to enter summary judgment when the movant establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is *material* if it "might affect the outcome of the suit under the governing law." *Sulzer Carbomedics Inc v Oregon Cardio-Devices Inc*, 257 F3d 449, 456 (5th Cir 2001), quoting *Anderson v Liberty Lobby Inc*, 477 US 242, 248 (1986). And a dispute is *genuine* if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v CCC & R Tres Arboles LLC*, 736 F3d 396, 400 (5th Cir 2013), quoting *Anderson*, 477 US at 248.

The summary judgment stage doesn't involve weighing

2

the evidence or determining the truth of the matter. The task is solely to determine whether a genuine issue exists that would allow a reasonable jury to return a verdict for the nonmoving party. *Smith v Harris County*, 956 F3d 311, 316 (5th Cir 2010), quoting *Anderson*, 477 US at 248. Disputed factual issues must be resolved in favor of the nonmoving party. *Little v Liquid Air Corp*, 37 F3d 1069, 1075 (5th Cir 1994). All reasonable inferences must also be drawn in the light most favorable to the nonmoving party. *Connors v Graves*, 538 F3d 373, 376 (5th Cir 2008), citing *Ballard v Burton*, 444 F3d 391, 396 (5th Cir 2006).

The moving party typically bears the entire burden to demonstrate the absence of a genuine issue of material fact. *Nola Spice Designs LLC v Haydel Enterprises Inc*, 783 F3d 527, 536 (5th Cir 2015) (quotation omitted); see also *Celotex Corp v Catrett*, 477 US 317, 322–23 (1986) (citations omitted). But when a motion for summary judgment by a defendant presents a question on which the plaintiff bears the burden of proof at trial, the burden shifts to the plaintiff to proffer summary judgment proof establishing an issue of material fact warranting trial. *Nola Spice*, 783 F3d at 536 (quotation omitted). To meet this burden of proof, the evidence must be both "competent and admissible at trial." *Bellard v Gautreaux*, 675 F3d 454, 460 (5th Cir 2012) (citation omitted).

### 3. Summary judgment evidence

Travelers contends that the claims by Patriot Logistics are barred by contractual limitations provisions in the policy and applicable statutes of limitations. Dkt 13. Patriot Logistics submitted four exhibits in response that it believes relevant to the disputed issue of accrual. See Dkts 14-1 (excerpt of subject insurance policy), 14-2 (complaint filed by Wheels Clipper and its contract with Patriot Logistics), 14-3 (affidavit of Edwis Selph, the president of Patriot Logistics) & 14-4 (several emails between the parties). Travelers moves to strike all but the insurance policy, contending (among other reasons) that the other exhibits are irrelevant to accrual. See Dkts 16 at 3–5 & 20. Patriot Logistics disagrees. Dkt 19.

3

On motion for summary judgment, a court may consider the pleadings and other evidence unless an objecting party shows it wouldn't be admissible at trial. *Matter of Alabama & Dunlavy Limited*, 983 F3d 766, 774 (5th Cir 2020) (citations omitted). The Fifth Circuit holds, "Generally, the admissibility of evidence on a motion for summary judgment is subject to the usual rules relating to form and admissibility of evidence." *Munoz v International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada et al*, 563 F2d 205, 213 (5th Cir 1977) (citation omitted).

The ultimate question in this action pertains to whether Travelers had and breached the duty to defend and/or indemnify Patriot Logistics in the underlying action by Wheels Clipper. If it didn't, none of the claims by Patriot Logistics can go forward on the merits. But the subject motion presents the question of when the claims accrued—and the evidence that may be considered in that respect.

Texas law requires courts to apply the "eight corners doctrine" for determination as to whether a duty to defend exists. *Lincoln General Insurance Co v Reyna*, 401 F3d 347, 350 (5th Cir 2005) (citation omitted). That doctrine requires a court to determine whether the facts alleged within the "four-corners" of the complaint in the underlying action—liberally construed in favor of the insured—*potentially* assert a claim within the "four corners" of the insurance policy. *Lyda Swinerton Builders Inc v Oklahoma Surety Co*, 903 F3d 435, 446 (5th Cir 2018) (citation omitted) (emphasis in original).

The parties agree that the insurance policy must of course be considered. It imposes on Travelers a duty to defend Patriot Logistics "against any 'suit'" based on "loss of or damage to Covered Property to which this insurance applies are alleged." Dkt 14-1 at 2, 6. The policy also obligates it to "pay those sums [Patriot Logistics] become[s] legally obligated to pay as damages for direct physical loss of or damage to Covered Property caused by or resulting from a Covered Cause of Loss." Id at 2. What must be paired for consideration with this language is the

complaint in the underlying Wheels Clipper lawsuit—and nothing more.

Objections by Travelers to exhibits submitted by Patriot Logistics will be sustained in part. Its objections to the Wheels Clipper contract, the Selph affidavit, and the emails between the parties are sustained. None of these were attached to the underlying complaint or are part of the appropriate record in that respect, and so they will be disregarded. Its objection to the complaint filed by Wheels Clipper against Patriot Logistics is overruled.

4. Analysis

Patriot Logistics argues in this action that its insurance policy required Travelers to defend and indemnify it in the Wheels Clipper action. Travelers moves for summary judgment, asserting that the various claims are each barred by either the policy's contractual limitations provision or the applicable statute of limitations. Dkt 13 at 8–18.

The Fifth Circuit holds that under Texas law the statute of limitations begins to run when the particular cause of action generally accrues—being "'when facts come into existence that authorize a party to seek a judicial remedy . . . regardless of when the plaintiff learns of the injury.'" *De Jongh v State Farm Lloyds*, 664 F Appx 405, 408 (5th Cir 2016, *per curiam*), quoting *Provident Life & Accident Insurance Co v Knott*, 128 SW3d 211, 221 (Tex 2003).

The main point in contention between the parties is a legal one. When did each cause of action accrue? Detailed analysis is only necessary as to the claim for breach of contract. The parties don't vary their arguments much as to the others.

*As to breach of contract,* such claims under Texas law are generally subject to a four-year limitations period. For example, see *Smith v Travelers Casualty Insurance Company of America*, 932 F3d 302, 311 (5th Cir 2019), citing Texas Civil Practices & Remedies § 16.004(a). But contracting parties may "modify the four-year default

period so long as it remains at least two years." Id, citing Texas Civil Practices & Remedies § 16.070(a). Here, the parties did so, with the policy stating that any legal action for breach of any duty under that policy be brought "within two-years and one day from the date that the cause of action first accrues." Dkt 13-1 at 23, 27, and 37. And in this regard, the policy expressly provides, "A cause of action accrues on the date of the initial breach of our contractual duties as alleged in the action." Dkt 13-1 at 37.

Travelers notes that it denied coverage on January 25, 2018. It contends that *any and all* causes of action for breach of contract accrued on that date, thus meaning that Patriot Logistics was required to bring action by January 26, 2020—and Patriot Logistics didn't initiate this action until September 18, 2020. See Dkt 13 at 12–16.

To the contrary, the earliest contractual breach for which Patriot Logistics here sues relates to an alleged duty of Travelers to defend it in the action initiated by Wheels Clipper. That suit didn't commence until April 17, 2020. Dkt 14 at 8–11. Prior to that date, there was nothing for Travelers to either defend or indemnify. See *Lyda Swinerton Builders Inc*, 903 F3d at 447 (duty to defend arises upon filing of suit alleging facts sufficient to create potential liability); *ACE American Insurance Co v Freeport Welding & Fabricating Inc*, 699 F3d 832, 840, 844 (5th Cir 2012) (existence of facts sufficient to establish coverage in underlying litigation trigger duty to indemnify even when underlying suit resolved by settlement).

Initiation of this lawsuit was thus timely on September 18, 2020. Summary judgment on the claim for breach of contract will be denied.

*As to breach of the duty of good faith and fair dealing,* any claim must be brought within two years of the date the cause of action accrues, if at all. *Castillo v State Farm Lloyds*, 210 F Appx 390, 395 n 8 (5th Cir 2006, *per curiam*). Such claim accrues when "facts come into existence which authorize a claimant to seek a judicial remedy." *Trevino v State Farm Lloyds*, 2006 WL 3420064, *3 (5th Cir, *per curiam*) (quotation marks and citation omitted).

6

As with breach of contract, Travelers urges that any cause of action for breach of the duty of good faith and fair dealing accrued when it denied coverage on January 25, 2018. Dkt 13 at 18. It's just been determined above that the cause of action regarding the duty to defend accrued on the date that Wheels Clipper sued Patriot Logistics.

Summary judgment on the claim for breach of the duty of good faith and fair dealing will be denied.

*As to Chapter 542 of the Texas Insurance Code,* it's commonly referred to as the Texas Prompt Payment of Claims Act. It doesn't specify a limitations period. This would make it appear appropriate to apply the residual limitations period of four years set out in Section 16.051 of the Texas Civil Practices & Remedies Code. *Silo Restaurant Inc v Allied Property and Casualty Insurance Company*, 420 F Supp 3d 562, 573 (WD Tex 2019). But Chapter 542 is recognized as a "contract-based remedy," so claims pursuant to it are "subject to appropriate limitation [set] by the insurance policy." For example, see *Chapa v Allstate Texas Lloyds*, 2015 WL 3833074, *3 & n 45 (SD Tex).

This means that the above conclusion as to the breach-of-contract claim pertains equally here. What's more, the Texas Supreme Court holds, "Defense costs incurred by an insured as a result of an insurer's breach of its duty to defend are a 'claim' within the meaning" of Chapter 542. *Lyda Swinerton Builders Inc*, 903 F3d at 450, citing *Lamar Homes Inc v Mid-Continent Casualty Co*, 242 SW3d 1, 20 (Tex 2007). This means that the penalty and attorney fees provision contained in that chapter "appl[y] to an insured's claims for the cost of defending against a suit filed by a third-party claimant." *Nautilus Insurance Company v International House of Pancakes Inc*, 2009 WL 5061767 (SD Tex) (citation omitted). A claim for recovery of the costs incurred by Patriot Logistics to defend in the Wheels Clipper action are thus necessarily included in its claim for violation of Chapter 542—and thus arose from and relate to the date on which Wheels Clipper brought action.

Summary judgment on the claim for violation of

Chapter 542 of the Texas Insurance Code will be denied.

*As to Chapter 541 of the Texas Insurance Code,* it establishes a cause of action for unfair methods of competition and unfair or deceptive acts or practices. By express provision, such claims must be brought within two years from the date on which such act or practice occurred or was by reasonable diligence discovered or should have been discovered. Texas Insurance Code § 541.162(a)(1) & (a)(2). And where an insured "establishes that [the insurer's] alleged misrepresentations caused it to be deprived of that benefit, [the insured] can recover the resulting defense costs it incurred as actual damages under Chapter 541." *Lyda Swinerton Builders Inc*, 903 F3d at 453.

The Fifth Circuit has long held under Texas law that Chapter 541 claims accrue upon issuance of a denial letter. *Castillo v State Farm Lloyds*, 210 F Appx 390, 394 (5th Cir 2006, *per curiam*) (collecting cases). The unfair act alleged by Patriot Logistics is thus the date on which Travelers denied coverage, being January 25, 2018. See Dkt 1-3. That is the appropriate marker for accrual here, thus placing the filing of this suit in September 2020 beyond the two-year limitations period.

Summary judgment on the claim for violation of Chapter 541 of the Texas Insurance Code will be granted.

   5.   Conclusion

The objections by Defendant Travelers Property & Casualty Company of America to exhibits by Plaintiff Patriot Logistics are SUSTAINED IN PART and OVERRULED IN PART as stated above. Dkt 16.

The motion by Travelers for summary judgment as to limitations is GRANTED IN PART AND DENIED IN PART. Dkt 13.

The motion is GRANTED as to the claim for violation of Chapter 541 of the Texas Insurance Code. That claim is DISMISSED WITH PREJUDICE.

The motion is DENIED as to the claims for breach of contract, breach of the duty of good faith and fair dealing, and violation of Chapter 542 of the Texas Insurance Code.

So ordered.

Signed on July 12, 2022, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge